UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR DE LA CRUZ,<br><br>        Plaintiff,<br><br>    vs.<br><br>A. PETERSON, ET AL.,<br><br>        Defendants. | 1:14-cv-00418-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT<br>(Doc. 6.)<br><br>ORDER DEEMING FIRST AMENDED COMPLAINT PROPERLY FILED<br>(Doc. 7.) |

**I.  BACKGROUND**

Victor De La Cruz ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated by civil Complaint filed by Plaintiff in the Kings County Superior Court on September 24, 2013 (Case #13-C0318). On March 25, 2014, defendants Peterson, Munoz, Moreno, Gipson, Case, Hernandez, Madsen, Nail, Carrol, Callow, Renteria, Carter, Borges, Sexton, Sanchez, Munoz, Zamora, Broomfield, Botello, Johnson, Cordova, and Mauldin ("Defendants") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(c). (Doc. 2.)

On April 24, 2014, Plaintiff filed a motion to amend the Complaint. (Doc. 6.) On May 21, 2014, Plaintiff submitted a proposed First Amended Complaint, which was filed by the Clerk of Court. (Doc. 7.) Defendants have not opposed the motion to amend.

## II. LEAVE TO AMEND – RULE 15(a)

Plaintiff seeks to amend the Complaint to add two defendants who "are directly linked to this action." (Motion at 4 ¶5.) Plaintiff argues that amending the complaint will save the court time and resources.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Because Plaintiff does not have written consent of the defendants, Plaintiff requires leave of court to file an amended complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

**Discussion**

The court has reviewed the initial Complaint and the proposed First Amended Complaint. Plaintiff's initial Complaint arises from allegations that between September 2011 and February 2013 at Corcoran State Prison (CSP), defendants forced Plaintiff and other inmates to occupy cells that were flooded with contaminated water, refused to replace contaminated bedding and clothing, and refused to provide the inmates with cleaning supplies. Plaintiff claims that he was subjected to adverse conditions of confinement in violation of the Eighth Amendment (Complaint, Doc. 2-1.)

Plaintiff's proposed First Amended Complaint arises from the same allegations and claims. (Proposed First Amended Complaint, Doc. 7.)

The court finds good cause to allow Plaintiff to file the proposed First Amended Complaint, which concerns essentially the same allegations and claims as Plaintiff's initial Complaint. Both complaints concern adverse conditions of confinement at CSP, resulting from Plaintiff and other inmates being placed in cells flooded with contaminated water between September 2011 and February 2013. The court finds no evidence that Plaintiff seeks to amend in bad faith, or that allowing the amendment prejudices the defendants, produces an undue delay in the litigation, or is futile. Therefore, the court shall grant Plaintiff's motion to amend and deem the First Amended Complaint properly filed. The First Amended Complaint shall supercede the initial Complaint. See Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012).

### III. CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend the Complaint, filed on April 24, 2014, is GRANTED;
2. The First Amended Complaint, submitted by Plaintiff on May 21, 2014, and filed by the Clerk of Court on the same date, is deemed properly filed; and
3. The court shall screen the First Amended Complaint pursuant to 28 U.S.C. § 1915A in due time.

IT IS SO ORDERED.

Dated:   **June 6, 2014**                    **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE