# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR DE LA CRUZ, | Case No. 1:14-cv-00418-BAM-PC |
| Plaintiff, | ORDER DISMISSING SECOND AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF (ECF NO. 12) |
| v. | |
| C. GIPSON, et al., | |
| Defendants. | THIRTY-DAY DEADLINE |
| | ORDER DENYING MOTION TO COMPEL (ECF NO. 14) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). Currently before the Court is Plaintiff's February 26, 2015, second amended complaint, filed in response to the January 27, 2015, order dismissing the first amended complaint with leave to amend. (ECF No. 11.) Plaintiff consented Magistrate Judge jurisdiction. (ECF no. 5.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

1  legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or
2  that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
3  1915(e)(2)(B).

4       A complaint must contain "a short and plain statement of the claim showing that the
5  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
6  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
7  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell
8  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate
9  that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v.
10 Williams, 297 F.3d 930, 934 (9th Cir.2002).

11      Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
12 liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d
13 1113, 1121 (9th Cir. 2012)(citations omitted).  To survive screening, Plaintiff's claims must be
14 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
15 that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss
16 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant
17 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
18 liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572
19 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

22      In the order dismissing the First Amended complaint, the Court noted the following.
23 Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation
24 (CDCR) at CSP Corcoran, brings this civil rights action against defendant CDCR officials
25 employed by at Corcoran.  Plaintiff named the following defendants: Warden C. Gipson;
26 Associate Warden Lambert; Captain S. Johnson; Capt. R. Broomfield; Lieutenant C. Moreno;
27 Sergeant C. Munoz; Sgt. J. Callow; Correctional Officer (C/O) D. B. Hernandez; C/O K. Carter;
28 C/O L. Borges; C/O H. German; C/O R. Botello; C/O S. Cordova; C/O P. Holguin; C/O P.

Sanchez; C/O J. Renteria; C/O R. Zamora; C/O W. Hayward; C/O K. Lockhart; Supervisor of Building and Trades J. Carrol; Plumber C. Mauldin; Plumber John Doe.  In the first amended complaint, Plaintiff alleged that he was subjected to conditions of confinement such that they violated the Eighth Amendment prohibition on cruel and unusual punishment.

Plaintiff alleged that between September of 2011 and February of 2013, he and other inmates were in cells that "leaked and flooded with contaminated water (i.e. 'from the tiers'). New mattresses, pillows, blankets, sheets, towels t-shirts, boxer shorts, socks and/or shoes were contaminated."  Plaintiff alleged that Defendants "refused to take reasonable steps to abate the problem."  Plaintiff alleged that the leaks became worse when it rained.

In the order dismissing the first amended complaint, the Court dismissed the complaint on the ground that Plaintiff had not specifically charged each Defendant with conduct indicating that they knew of and disregarded a serious risk to Plaintiff's health or safety.  The Court noted that Plaintiff may not hold Defendants liable simply by alleging that prisoners were subjected to leaky and filthy cells, along with vague allegations that Defendants neglected their condition. Plaintiff was advised that he must allege facts indicating that each Defendant was aware of a specific harm to Plaintiff, and acted with disregard to that harm.  Plaintiff was directed to file a second amended complaint that describes what each defendant did, *by name*, to violate Plaintiff's rights.

## III.

## DISCUSSION

In the second amended complaint, Plaintiff names as Defendants the following individuals: Warden C. Gipson; Chief Deputy Warden G. Santor; Associate Warden Lambert; Associate Warden Johnson; Associate Warden Sexton; Captain Broomfield; Capt. Moreno; Lieutenant Munoz; Lt. Callow; Sergeant D. Hernandez;  Case; Sgt. Madsen; Sgt. M. Calhoun; Sgt. Case; Sgt. Peterson; Sgt. J. Nail; Correctional Officer (C/O) Munoz; C/O Carter; C/O Borges; C/O Botello; C/O Cordova; C/O P. Sanchez; C/O Renteria; C/O R. Zamora; Supervisor of Building Trades J. Carrol; Plumber C. Mauldin.

Plaintiff also sets forth, in greater detail, the types of conditions to which he was

3

subjected.  Plaintiff alleges that between September 2011 and February 2013, Defendants Gipson, Santo, Lambert, Johnson, Sexton, Broomfield, Moreno, Munoz, Callow, Hernandez, Madsen, Case, Calhoun, Peterson, Nail, Carter, Burges, Botello, Cordova, Sanchez, Renteria, Zamora, Carrol and Mauldin knew that during the rainy season the roofs leaked.  Plaintiff alleges that Defendants knew of the leaky roofs because of written and verbal complaints from inmates.  Plaintiff alleges that "the unsanitary and contaminated water (i.e. pervasive water puddles cumulated with mold, debris and fecal matter) flowed rapidly down the back walls, side walls and ceilings." (Second Am. Compl. ¶ 15.)

Plaintiff alleges that between January 2010 and May 2013, he had to make a plaster out of his state issued soap, with which he covered his cell walls to stop water from seeping into his cell.  Plaintiff alleges that "numerous times I was awaken by my mattress, blankets and sheets being partially or fully soaked and kept on rinsing and cleaning what was wet every thirty minutes." (Id. ¶ 16.)   Plaintiff alleges that Defendants in general "knew through actual or constructive notice from the Warden's subordinates . . . . obvious, longstanding and hazardous unsanitary flooding problems." (Id. ¶ 17.)   Plaintiff alleges that at some point in 2012, his cell leaked so much that all of his books and state issued clothing were soaked.  Plaintiff (without reference to a specific date) alleges that he returned to his cell from the yard when it began to rain.  Plaintiff alleges that he "washed and cleaned the puddles, walls, property, etc. . . . on frequent occasions most of my state issue clothes developed a moldy stench I would dispose of." (Id. ¶ 18.)  Plaintiff alleges that floor officers would not allow him to exchange his clothing.

Plaintiff alleges that Defendants in general "had the authority, position and duty to an actual or constructive notification to their subordinates for an adequate sanitizing of the tiers; to open the floor drain covers to unclog and sanitize the drains; to help the situation by providing extra rags, clean or new clothes, blankets, sheets, mattresses, sanitizing supplies and to redline the cells (i.e. declare unfit for shelter)." (Id. ¶ 20.)

In the order dismissing the first amended complaint, the Court advised Plaintiff that he had not specifically charged each Defendant with conduct indicating that they knew of and disregarded a serious risk to Plaintiff's health. Plaintiff was specifically cautioned that he may

1  not hold Defendants liable by simply alleging that prisoners were subjected to leaky and filthy
2  cells, and that Defendants neglected their condition.  The Court directed Plaintiff to file an
3  amended complaint that alleges facts indicating that each of the individual defendants knew of a
4  particular harm and acted with deliberate indifference to that harm.  Plaintiff was directed to
5  name the individual defendant and explain how that particular defendant was deliberately
6  indifferent to a serious risk to Plaintiff's health.  Plaintiff was directed to state clearly, in his own
7  words, what happened.

8    In the February 26, 2015, second amended complaint, Plaintiff fails to address the
9  deficiencies identified by the Court in the order dismissing the first amended complaint.  Plaintiff
10 names multiple defendants, including supervisory defendants, but fails to allege facts as to each
11 individual defendant indicating how that defendant harmed Plaintiff.  Plaintiff is also vague as to
12 when this conduct occurred.  Plaintiff alleges that the cells leaked between January 2010 and
13 September 2013.  This is insufficient to put each individual Defendant on notice of the conduct
14 at issue.

15   A complaint must contain "a short and plain statement of the claim showing that the
16 pleader is entitled to relief . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
17 required, but "threadbare recitals of the elements of a cause of action, supported by mere
18 conclusory statements, do not suffice."  Ashcroft v.Iqbal, 556 U.S. 662, 678 (2009)(citing Bell
19 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate
20 that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.
21 Williams, 297 F.3d 930, 934 (9th Cir. 2002).

22   Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
23 liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d
24 1113, 1121 (9th Cir. 2012)(citations omitted).  To survive screening, Plaintiff's claims must be
25 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
26 that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss
27 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant
28 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

"One common theme of Rule 8(a), Rule 9(b), Iqbal, [and] Twombly . . . is that plaintiffs must give the defendants a clear statement about what the defendants allegedly did wrong[;] and '[o]ne common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term 'Defendants' throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong.  Another type is where the plaintiff recites a collection of general allegations toward the beginning of the complaint, and then "each count incorporates every antecedent allegation be reference.'" Sollberger v. Wachovia Securities LLC, 2010 WL 2674456, at *4 (C. D. Cal. June 30, 2010.)

Here, Plaintiff's second amended complaint fails to meet the pleading standard set forth in Iqbal.  Plaintiff's allegation that a group of individuals is liable for conditions from January 2010 to September 2013 is insufficient to hold any individual defendant liable.  Further, Plaintiff includes supervisory individuals as defendants.  Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 556 U.S. at 673. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions.  Id.  In other words, to state claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.   Plaintiff has failed to do so here.  The second amended complaint must therefore be dismissed.  Plaintiff will be granted one further opportunity to file an amended complaint.

Plaintiff is advised that in order to state a claim, he must allege specific facts as to each defendant indicating what specific conduct they engaged in that caused injury to Plaintiff and when they did so.  Vague allegations that Plaintiff was subjected to unconstitutional conditions in general for over three years do not state a claim against any particular defendant.  If Plaintiff files an amended complaint that alleges conduct as to all of the named defendants in general, the Court will dismiss this action for failure to state a claim upon which relief could be granted.

## IV.

## MOTION TO COMPEL

Plaintiff has filed a motion for an order to compel. Plaintiff seeks an order from the Court to compel prison officials to allow him to interview another inmate. Plaintiff is advised that until such a time as a discovery order is entered, no party may conduct discovery. Plaintiff's motion to compel is therefore premature.

## V.

## CONCLUSION AND ORDER

Plaintiff's second amended complaint fails to state a claim upon which relief may be granted. The Court notes that the second amended complaint fails for the same reasons identified in the order dismissing the first amended complaint. The Court will provide Plaintiff with **one** further opportunity to file an amended complaint that specifically alleges conduct as to each individual defendant. Plaintiff is granted leave to file a third amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in

an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's February 26, 2015, second amended complaint is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a third amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.
5. Plaintiff's motion for an order compelling an interview is denied.

IT IS SO ORDERED.

Dated:   **October 30, 2015**              /s/ Barbara A. McAuliffe            _
                                           UNITED STATES MAGISTRATE JUDGE