1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR DE LA CRUZ, | Case No.  1:14-cv-00418-BAM-PC |
| Plaintiff, | ORDER DISMISSING  THIS ACTION FOR FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| v. | |
| C. GIPSON, et al., | ORDER THAT THIS ACTION COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g). |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Currently before the Court is Plaintiff's November 30, 2015 third amended complaint, filed in response to the October 30, 2015, order dismissing the second amended complaint with leave to amend. (ECF No. 16.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on April 14, 2015. (ECF No. 5.)

1   that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

2   1915(e)(2)(B).

3        A complaint must contain "a short and plain statement of the claim showing that the

4   pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not

5   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

6   conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell

7   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate

8   that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.

9   Williams, 297 F.3d 930, 934 (9th Cir.2002).

10        Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

11   liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

12   1113, 1121 (9th Cir. 2012)(citations omitted).  To survive screening, Plaintiff's claims must be

13   facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

14   that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss

15   v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

16   has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

17   liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572

18   F.3d at 969.

19                                              **II.**

20                              **COMPLAINT ALLEGATIONS**

21        Plaintiff, an inmate in the custody of the California Department of Corrections and

22   Rehabilitation (CDCR) at CSP Corcoran, brings this civil rights action against defendant CDCR

23   officials employed by at Corcoran.  Plaintiff names the following defendants: Warden C. Gipson;

24   Chief Deputy Warden G. Santor; Associate Warden M. Sexton; Associate Warden R. Lambert;

25   Associate Warden J. Johnson; Captain R. Broomfield; Capt. C. Moreno; Lieutenant C. Munoz;

26   Lt. J. Callow; Sergeant D. Hernandez; Sgt. D. Madsen; Sgt. D. Case; Sgt. M. Calhoun; Sgt. A.

27   Peterson; Sgt. J. Nail; Correctional Officer (C/O) P. Munoz; C/O K. Carter; C/O L. Borges; C/O

28   S. Cordova; C/O P. Sanchez; C/O R. Botello; C/O J. Cordova; C/O P. Sanchez; C/O J. Renteria;

C/O Zamora; Supervisor of Building Trades J. Carroll; Plumber C. Mauldin.

In the order dismissing the second amended complaint, the Court noted that Plaintiff alleged that between September of 2011 and February of 2013, he and other inmates were in cells that "leaked and flooded with contaminated water (i.e. 'from the tiers').  New mattresses, pillows, blankets, sheets, towels t-shirts, boxer shorts, socks and/or shoes were contaminated."  Plaintiff alleged that Defendants "refused to take reasonable steps to abate the problem."  Plaintiff alleged that the leaks became worse when it rained.

The Court dismissed the second amended complaint on the ground that Plaintiff had not specifically charged each Defendant with conduct indicating that they knew of and disregarded a serious risk to Plaintiff's health or safety.  The Court noted that Plaintiff may not hold Defendants liable simply by alleging that prisoners were subjected to leaky and filthy cells, along with vague allegations that Defendants neglected their condition.  Plaintiff was advised that he must allege facts indicating that each Defendant was aware of a specific harm to Plaintiff, and acted with disregard to that harm.  Plaintiff was directed to file a third amended complaint that described what each defendant did, *by name*, to violate Plaintiff's rights.

In the third amended complaint, Plaintiff re-states the allegations of the original complaint, first amended complaint, and second amended complaint.  Plaintiff alleges that between September and 2011 and February 2013, Defendants knew that during the rainy season that the majority of roofs "leaked badly." (ECF No. 16, p. 4.)

Plaintiff alleges that between January 2010 and May 2013, he had to make a plaster out of his state issued soap, with which he covered his cell walls to stop water from seeping into his cell.  Plaintiff alleges that "numerous times I was awaken by my mattress, blankets and sheets being partially or fully soaked and kept on rinsing and cleaning what was wet every thirty minutes."  (Id. p. 5)  Plaintiff alleges that in April of 2012, his cell leaked so much that all of his books and state issued clothing were soaked.  Plaintiff (without reference to a specific date) alleges that he returned to his cell from the yard when it began to rain.  Plaintiff alleges that he "washed and cleaned the puddles, walls, property, etc. . . . on frequent occasions most of my state issue clothes developed a moldy stench I would dispose of."  (Id.  p. 6.)  Plaintiff alleges

that floor officers would not allow him to exchange his clothing.

Plaintiff alleges that the flooding was a problem for years, putting all of the Defendants on notice of the problems. Plaintiff alleges generally that Defendants had the authority, position and duty to correct the conditions, but failed to do so. Plaintiff recites each of the named Defendants' responsibilities, alleging that they had the authority to abate the problems but failed to do so. The bulk of the third amended complaint consists of Plaintiff's conclusory assertions that each Defendant failed in their responsibility by not taking reasonable measures to abate the conditions described by Plaintiff. Plaintiff does not, however, allege any facts indicating that any of the Defendants were aware of a specific danger to Plaintiff's health or safety, and disregarded that danger.

**III.**

**DISCUSSION**

Prison officials have a duty to ensure that prisoners are provided with adequate shelter, food, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citation omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his safety. Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

In the orders dismissing the first amended complaint and second amended complaint, the Court advised Plaintiff that he had not specifically charged each Defendant with conduct indicating that they knew of and disregarded a serious risk to Plaintiff's health. Plaintiff was specifically cautioned that he may not hold Defendants liable by simply alleging that prisoners were subjected to leaky and filthy cells, and that Defendants neglected their condition. The Court directed Plaintiff to file an amended complaint that alleges facts indicating that each of the individual defendants knew of a particular harm and acted with deliberate indifference to that

harm.  Plaintiff was directed to name the individual defendant and explain how that particular defendant was deliberately indifferent to a serious risk to Plaintiff's health.  Plaintiff was directed to state clearly, in his own words, what happened.

In the November 30, 2015, third amended complaint, Plaintiff fails to address the deficiencies identified by the Court in the order dismissing the first amended complaint and the order dismissing the second amended complaint.  Plaintiff names multiple defendants, including supervisory defendants, but fails to allege facts as to each individual defendant indicating how that defendant harmed Plaintiff.  Plaintiff is also vague as to when this conduct occurred.  Plaintiff alleges that the cells leaked between January 2010 and September 2013.  This is insufficient to put each individual Defendant on notice of a specific condition that posed a substantial risk of harm to Plaintiff.

"One common theme of Rule 8(a), Rule 9(b), Iqbal, [and] Twombly . . . is that plaintiffs must give the defendants a clear statement about what the defendants allegedly did wrong[;] and '[o]ne common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term 'Defendants' throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong.  Another type is where the plaintiff recites a collection of general allegations toward the beginning of the complaint, and then "each count incorporates every antecedent allegation be reference.'" Sollberger v. Wachovia Securities LLC, 2010 WL 2674456, at *4 (C. D. Cal. June 30, 2010.)

Here, Plaintiff's third amended complaint fails to meet the pleading standard set forth in Iqbal.  Plaintiff's allegation that a group of individuals is liable for conditions from January 2010 to September 2013 is insufficient to hold any individual defendant liable.  Further, Plaintiff includes supervisory individuals as defendants.  Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 556 U.S. at 673.  Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions.  Id.  In other words, to state claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation

of Plaintiff's federal rights.   Plaintiff has failed to do so here.   The third amended complaint must therefore be dismissed.

### IV.

### CONCLUSION AND ORDER

Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's third amended complaint is largely identical to the original complaint, first amended complaint, and second amended complaint. Based upon the allegations in Plaintiff's original, first amended, second amended, and third amended complaints, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for relief under 42 U.S.C. §1983, and further amendment would be futile.  See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")    Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that:

1.  This action is dismissed for failure to state a claim upon which relief could be granted; and

2.  This action counts as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **June 20, 2016**           /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE