UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR DE LA CRUZ,<br><br>    Plaintiff,<br><br>    v.<br><br>A. PETERSON, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-00418-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e), AND REQUEST FOR RELIEF FROM ACTION AS A STRIKE<br><br>(ECF No. 19) |

**I.    Introduction**

Plaintiff Victor De La Cruz ("Plaintiff") is a state prisoner proceeding in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On June 20, 2016, the Court dismissed this action for the failure to state a claim upon which relief may be granted, and noted that the dismissal of the action would be considered a strike pursuant to 28 U.S.C. § 1915(g). (ECF No. 17.) Judgment was entered accordingly. (ECF No. 18.)

Currently before the Court is Plaintiff's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), filed on July 18, 2016. Plaintiff also requests relief from the Court's action imposing a strike under 28 U.S.C. § 1915(g), pursuant to Rule 60(b). (ECF No. 19.)

**II.   Motion for Reconsideration**

In support of Plaintiff's motion to alter or amend the judgment, he argues that his third amended complaint provided additional facts connecting each defendant to a violation of his rights.

1

Plaintiff further argues that the Court must have misunderstood or missed something in the third amended complaint when it determined he did not state a cognizable claim.

Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995). The motion must be filed no later than twenty-eight (28) days after entry of the judgment. See Fed. R. Civ. P. 59(e). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

The Court finds no clear error or manifest injustice in its final order and judgment dismissing this action for the failure to state a claim. Plaintiff's action concerned allegations that he was subjected to leaky and filthy cells, and he named over 25 defendants. Plaintiff was advised in prior orders that he must allege facts indicating that each defendant, by name, was aware of a specific harm to Plaintiff, and acted with disregard to that harm, to state a cognizable claim.

In Plaintiff's third amended complaint, he made conclusory statements that the defendants should have known about cell flooding problems based on their positions, duties, and responsibilities. However, Plaintiff did not provide sufficient factual allegations giving rise to a reasonable inference that any defendant actually knew of a specific, serious harm or risk to him, and disregarded it. (ECF No. 16 ¶¶ 19-44.) The Court finds that it properly concluded that Plaintiff did not allege sufficient facts to state a cognizable claim, and that further leave to amend was not warranted in this case based upon his repeated failure to cure the deficiencies in his complaint.

### III.     Strike Pursuant to 28 U.S.C. 1915(g)

Plaintiff also requests relief from the Court's order indicating that the dismissal of this action would be considered a strike pursuant to 28 U.S.C. § 1915(g). Plaintiff asserts that his claim does not count as a strike because it was not frivolous or malicious, and he provided all the Court requested.

Section 1915(g) states that a prisoner may not proceed IFP "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious or fails to state a claim upon which relief could be granted." § 1915(g). "When a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g)" regardless of the manner in which the district court styles its dismissal. See El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008); 28 U.S.C. §1915(g)). A court reviewing whether the three-strikes rule applies will look to the substance of the dismissed lawsuit in order to determine whether it can be counted as a "strike." Id. at 1047 (citing Andrews v. King, 398 F.3d 1113, 1122 n.12 (9th Cir. 2005)).

The Court's indication in its order that this dismissal should count as a strike pursuant to §1915(g) does not have any binding effect upon Plaintiff or any future court. If and when Plaintiff seeks to proceed in forma pauperis in a future action, that court will make an independent assessment as to whether the three-strikes rule applies in that case. The indication in this Court's order that Plaintiff has incurred a strike because he failed to state a claim upon which relief may be granted here, provides clarity to Plaintiff and any future court making that analysis of the grounds the dismissal of this action. No "relief" shall be granted, as none is available or required.

**IV.  Conclusion and Order**

For these reasons, it is HEREBY ORDERED that Plaintiff's motion to alter or amend the judgment and for relief from action as a strike (ECF No. 19), is DENIED.

IT IS SO ORDERED.

Dated:   **January 30, 2017**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE